# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 07-20122-03-KHV |
| RANDY LUCERO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On December 16, 2009, the Court sentenced defendant to 324 months in prison. This matter is before the Court on defendant's letters (Doc. #195 filed November 12, 2010) and (Doc. #196 filed December 1, 2010). Both letters seek appointment of counsel and an extension of time to file a Section 2255 motion.

## I. Motion For Appointment Of Counsel

Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 2255 motion unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Evans, 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir. 1995); Swazo v. Wy. Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). In determining whether to appoint counsel in a civil case, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).

The Court ordinarily does not appoint counsel until after a Section 2255 motion has been

filed. Here, defendant states that he had brain surgery approximately one year ago and that he has memory loss. See Doc. #196; Doc. #195. In addition, defendant asserts that he was not competent to enter a plea because of several mental disorders including depression and bipolar. See Doc. #174 at 1. In these circumstances, the Court appoints counsel to consult with defendant about a potential Section 2255 claim.

## II.     Motion For Extension Of Time

Defendant asks for an extension of the deadline to file a Section 2255 motion, which he calculates as December 28, 2010. The Court has no authority to extend the statutory deadline in 28 U.S.C. § 2255. See Washington v. United States, 221 F.3d 1354, 2000 WL 985885, at *1-2 (10th Cir. July 18, 2000); United States v. Leon, 203 F.3d 162, 163-64 (2d Cir. 2000); United States v. Miller, No. 06-cr-20080, 2008 WL 4541418, at *1-2 (C.D. Ill. Oct. 9, 2008). Congress has expressly limited the time in which a prisoner can bring a Section 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes the clear intent of Congress to accelerate the federal habeas process. Washington, 2000 WL 985885, at *1.

The deadline to file a Section 2255 motion is subject to equitable tolling, but the question of tolling is ripe for adjudication only when a Section 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the Court *sua sponte*. United States v. Daniels, 191 Fed. Appx. 622, 622 (10th Cir. 2006) (quoting United States v. Verners, 15 Fed. Appx. 657, 660 (10th Cir. 2001)); see United States v. Garner, No. 05-20094-CM, 2008 WL 4657281, at *1 (D. Kan. Oct. 20, 2008); United States v. Bedolla, No. 04-40001-SAC, 2008 WL 2949565, at *2 (D. Kan. July 30, 2008). Because defendant has not yet filed a Section 2255 motion, any request for the Court to grant an extension under the doctrine of equitable tolling is not ripe. A ruling on

that issue at the present time would constitute an advisory opinion. See Verners, 15 Fed. Appx. at 660 (question of equitable tolling not ripe until Section 2255 motion is filed). The Court therefore denies defendant's motion for extension of time. See Daniels, 191 Fed. Appx. at 622; Verners, 15 Fed. Appx. at 660; see also United States v. White, 257 Fed. Appx. 608, 609 (4th Cir. 2007) (federal court lacks jurisdiction to consider timeliness of Section 2255 petition until petition is filed); Leon, 203 F.3d at 164.

**Out of an abundance of caution, the Court will not rule on defendant's second letter (Doc. #196 filed December 1, 2010) at this time. If defendant decides that he wants his second letter (Doc. #196) construed as a Section 2255 motion, see Castro v. United States, 540 U.S. 375, 383-84 (2003); Bedolla, 2008 WL 2949565, at \*2, the Court will do so but will limit the grounds for relief in that motion to those asserted in the letter (Doc. #196) and defendant's Motion To Vacate, Set Aside, And Void Plea Agreement And/Or Notice of Appeal (Doc. #174) filed February 12, 2010, which the Court previously overruled on jurisdictional grounds and construed as a notice of appeal. See Order (Doc. #175) filed February 19, 2010.**

**IT IS THEREFORE ORDERED** **that defendant's first letter (Doc. #195 filed November 12, 2010), which the Court construes as a motion for appointment of counsel and a motion for extension of time to file a Section 2255 motion, be and hereby is** **SUSTAINED in part**. **The Court appoints Jeremy S. Weis to consult with defendant about a possible Section 2255 motion. Counsel shall consult with defendant as soon as practicable but no later than December 15, 2010. On or before December 20, 2010, counsel shall file a certificate which states that he has consulted defendant about a possible Section 2255 motion. This order, however, does not require counsel to file a Section 2255 motion on defendant's behalf if**

**counsel does not believe that he can do so consistent with his ethical duties.**

Dated this 7th day of December, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
